UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RBC NICE BEARINGS, INC., ET AL. | : | CIVIL ACTION NO. |
| Plaintiffs, | : | 3:06-CV-1880 (JCH) |
| | : | |
| v. | : | |
| | : | |
| SKF USA INC. | : | DECEMBER 9, 2011 |
| Defendant. | : | |
| | : | |

**RULING RE: CROSS-APPEALS OF CLERK'S ORDER RE: BILLS OF COSTS (DOC NOS. 218, 219)**

**I.     INTRODUCTION**

Both parties appeal from the Clerk's Order on Bill of Costs, declining to award costs to either party. For the reasons set forth below, the court affirms the Clerk's Order and denies the appeals.

**II.    BACKGROUND**

The plaintiffs (hereafter "RBC") instituted this lawsuit on November 20, 2006, asserting fourteen claims against SKF USA, Inc. (hereafter "SKF"). See Doc. No. 1. Prior to instituting this suit, however, RBC had brought action against SKF in Connecticut Superior Court, asserting its state law claims. SKF asserted similar counterclaims in both actions.

When RBC instituted this action, the state action became dormant and the parties conducted discovery under the direction of this court. See, e.g., Doc. No. 144. On September 2, 2008, SKF filed a Motion for Partial Summary Judgment. See Doc. No. 149. While that Motion was pending, however, the parties elected to proceed to trial in the state action, and this court suspended this action, pending the conclusion of

1

the state action. See Doc. No. 169. The court later terminated the Motion. See Doc. No. 172.

On July 23, 2010, Judge Miller entered judgment in favor of SKF with regard to RBC's claims and in favor of RBC with regard to SKF's counterclaim. See SKF's Appeal, Ex. A. In his original Memorandum of Decision, Judge Miller awarded no costs to either side; however, in a later Order, Judge Miller ordered RBC to reimburse SKF for the premiums SKF paid to secure a prejudgment bond. See SKF's Appeal, Ex. E.

Following judgment in Superior Court, SKF filed a new Motion for Summary Judgment in this court on the basis of collateral estoppel and res judicata. See Doc. No. 192. RBC opposed SKF's Motion, and filed its own Motion for Summary Judgment with regard to SKF's counterclaims on the basis of res judicata. See Doc. No. 195. SKF did not oppose RBC's Motion, and the court granted it. See Doc. No. 202. As to SKF's Motion, the court denied the Motion with regard to Count One, but granted it on the basis of res judicata with regard to the remaining claims, Counts Two through Fourteen. See id. Approximately two weeks after the court's ruling, RBC moved to dismiss Count One, the only remaining count. See Doc. No. 204. The court granted the Motion, and judgment entered on March 30, 2011. See Doc. No. 209.

On May 13, 2011, both parties filed Bills of Costs. See Doc. Nos. 210, 211. On September 6, 2011, the Clerk denied both Bills of Costs, finding that neither party prevailed in the instant action. See Doc. No. 217. These appeals followed.

## III.   DISCUSSION

Pursuant to Fed. R. Civ. P. 54(d)(1), "costs–other than attorney's fees–should be allowed to the prevailing party." For a party to be considered a "prevailing party," the

party must have "received 'actual relief on the merits of his claim [that] materially alters the legal relationship between the parties . . . .'" See LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 757 (2d Cir. 1998) (quoting Farrar v. Hobby, 506 U.S. 103, 111–12 (1992)). Where an action is barred by res judicata, the court does not reach the merits of the case. See Weldon v. United States, 70 F.3d 1, 5 (2d Cir. 1995).

The court disposed of this case primarily through the parties' Motions for Summary Judgment. The court decided the Motions for Summary Judgment on the basis of res judicata—rather than on the merits of the claims—as a result of the Superior Court decision. Further, the court's Order granting RBC's Motion to Dismiss its only remaining claim was not a ruling on the merits. Consequently, neither party obtained relief on the merits in this court. As a result, neither party is entitled to costs because neither party was the prevailing party in this court.

**IV.   CONCLUSION**

For the reasons set forth above, the Clerk's Order is affirmed. The parties' appeals are denied, and costs are awarded to neither party.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 9th day of December, 2011.

    /s/ Janet C. Hall
Janet C. Hall
United States District Judge